# BLANKROME

1271 Avenue of the Americas | New York, NY 10020
blankrome.com

| | |
|---|---|
| *Phone:* | *(212) 885-5266* |
| *Fax:* | *(917) 332-3849* |
| *Email:* | *Chenxi.jiao@blankrome.com* |

October 25, 2021

**VIA ECF**

Hon. Edgardo Ramos, U.S.D.J.
United States District Court for the Southern District of New York
40 Foley Square
New York, NY 10007

> Re:     *Alice Larou v. Credit Corp Solutions Inc.,* **21-cv- 07360-ER**

Dear Judge Ramos:

We are counsel to Defendant Credit Corp Solutions Inc. ("Defendant" or "Credit Corp") in the above-referenced action.  Pursuant to 2(A) of Your Honor's Individual Rules of Practice ("IPR"), Credit Corp writes to request a pre-motion conference for its motion to dismiss (the "Motion") plaintiff Alice Larou's ("Plaintiff") Complaint ("Compl." or "Complaint") pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6).  As discussed below, Plaintiff lacks Article III standing and, further, her boilerplate and conclusory Complaint fails to state a cause of action against Credit Corp.

### *Plaintiff's Factual Allegations*

Plaintiff incurred a debt (the "Debt") to Lending Club Corp. ("Lending Club"), which was discharged pursuant to order of the United States Bankruptcy Court.  (Compl. ¶¶ 6-9.)  Lending Club then sold the Debt to Credit Corp.  (*Id.* ¶ 10.)  Plaintiff alleges that Credit Corp submitted an improper credit inquiry to Experian on November 26, 2020 and that Credit Corp did not have a permissible purpose to do so because the Debt had been discharged.  (*Id.* ¶¶ 14, 21-29.)  Based on this solitary credit pull, Plaintiff claims that Credit Corp violated Section 1681b(f)(1) of the Fair Credit Reporting Act (the "FCRA") and that Credit Corp's acts were willful, reckless, or negligent such that Plaintiff is entitled to actual, statutory, and punitive damages and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1681n and 1681o.  (*Id.* ¶¶ 39-49.)

### *The Complaint Should Be Dismissed Because Plaintiff Lacks Article III Standing*

Although Plaintiff alleges that Credit Corp violated the FCRA, this type of technical violation does not establish Article III standing.  Indeed, the Supreme Court has held that a plaintiff does not "automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right."  *Thole v. U.S. Bank, N.A.,* 140 S. Ct. 1615, 1620, 207 L. Ed. 2d 85 (2020) (quoting *Spokeo, Inc. v. Robins,* 578

1

# BLANKROME

U. S. 330, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016)). Instead, "'Article III standing requires a concrete injury even in the context of a statutory violation.'" *Id*. at 1620-21 (quoting *Spokeo*, 136 S.Ct. at 1549). And, as the Supreme Court made clear in the *TransUnion LLC v. Ramirez*, 141 S.Ct. 2190 (2021), in order to establish standing, a plaintiff must show some "physical, monetary, or cognizable intangible harm traditionally recognized as providing a basis for a lawsuit in American courts," i.e., some actual real world harm. *Id*. at 2206.

Here, Plaintiff's Complaint fails to plead the necessary concrete injury as required by the Supreme Court's holding in *Ramirez*. As in *Ramirez,* Plaintiff only alleges the mere risk of future harm. (Compl. ¶ 37) (Credit Corp allegedly increased the risk that "Plaintiff will be injured if there is a data breach on Defendant's computer systems). This is insufficient to establish standing. *Ramirez*, 141 S.Ct. at 2211-12. Additionally, the Second Circuit has already definitively held that the possibility of future identity theft resulting from a data breach is insufficient to confer standing. *See Whalen v. Michaels Stores, Inc.*, 689 F. App'x 89, 90 (2d Cir. 2017).

Further, Plaintiff's claims that Credit Corp's alleged FCRA violation is similar to the common law tort of invasion of privacy is insufficient to confer standing. (Compl. ¶¶ 24-25.) Rather, as the Supreme Court held in *Ramirez*, Plaintiff must have suffered some concrete injury. 141 S.Ct at 2200 ("No concrete harm, no standing"). Here, however, as in *Ramirez*, Plaintiff has failed to plead the requisite concrete injury in any non-conclusory way. Indeed, she does not claim that Credit Corp's allegedly improper credit pull impacted her ability to obtain credit. Rather, Plaintiff only makes conclusory allegations that she "suffered actual damages in the form of financial and dignatory harm arising from Defendant's review of her personal information and credit information and an injury to her credit rating and reputation." (Compl. ¶ 49.) Plaintiff, however, does not specify the type or amount of "financial and dignatory" harm that she suffered. These boilerplate allegations are not sufficient to plausibly plead that Plaintiff suffered a concrete injury as a result of Credit Corp's allegedly impermissible credit pull. *See Fullwood v. Wolfgang's Steakhouse, Inc.,* 2017 WL 377931 (S.D.N.Y. Jan. 26, 2017) (conclusory allegations that plaintiff was damaged by defendant's FCRA violations "are plainly insufficient to plead plausibly that Plaintiff suffered a concrete and particularized injury").

### *The Complaint Should Be Dismissed for Failure to State a Claim*

In the alternative and in the event that the Court determines that it has standing to adjudicate Plaintiff's claims, the Complaint should be dismissed pursuant to Rule 12(b)(6) because Plaintiff has not: (1) pled any actual damages as necessary to state a claim against Credit Corp for negligent violation of the FCRA; (2) failed to adequately allege that Credit Corp's conduct was willful such that she may proceed with her statutory and punitive damage claims.

In order to state a claim for negligent violation of the FCRA pursuant to 15 U.S.C. § 1681o, a plaintiff "must allege actual damages." *Ritchie v. N. Leasing Sys., Inc.*, 14 F. Supp. 3d 229, 240 (S.D.N.Y. 2014) (dismissing claim that defendant negligently violated the FCRA where "the Complaint contains nothing more than conclusory allegations that Plaintiff is entitled to actual damages"). As in *Ritchie*, Plaintiff does not allege <u>any</u> actual damages arising from Credit Corp's

# BLANKROME

allegedly improper credit pull except for the amorphous and unspecified "financial and dignatory harm." (Compl. ¶ 49.)  This is insufficient to state a claim for negligent violations of the FCRA. *See Ritche*, 14 F. Supp. 3d at 240; *see also Shostack v. Diller,* No. 15-CV-2255 GBD JLC, 2015 WL 5535808, at *11 (S.D.N.Y. Sept. 16, 2015), report and recommendation adopted, No. 15CIV2255GBDJLC, 2016 WL 958687 (S.D.N.Y. Mar. 8, 2016) (plaintiff failed to state claim under FCRA because "imposing liability under section 1681o requires that a plaintiff demonstrate actual damages resulting from the defendants' actions").

Plaintiff's claim that Credit Corp willfully violated the FCRA also fails as a matter of law. The Complaint does not provide any basis to infer that Credit Corp's actions were willful.  Instead, Plaintiff only states that "Defendant's actions were willful under 15 U.S.C. § 1681n because Defendant was aware of the FCRA's prohibitions on impermissibly pulling consumers' credit reports." (Compl. ¶ 32.)  Courts within the Second Circuit, however, require more than such a formulaic allegation of willfulness.  *See Selvam v. Experian Info. Sols., Inc.,* No. 13-CV-6078 DLI JO, 2015 WL 1034891, at *3 (E.D.N.Y. Mar. 10, 2015) (dismissing claim that defendant willfully violated the FCRA where complaint "only state[d] that Defendants 'willfully failed to comply'… These statements are conclusory and amount to nothing more than the formulaic recitation of the elements of a cause of action"); *Augustin v. Cap. One,* No. 14 CIV. 179 CBA VMS, 2015 WL 5657365, at *6 (E.D.N.Y. July 27, 2015), report and recommendation adopted, No. 14-CV-179 CBA VMS, 2015 WL 5664510 (E.D.N.Y. Sept. 24, 2015) (finding that pleading of two allegedly improper credit pulls over period of two years was insufficient to plead willfulness as "Plaintiff has failed to provide factual allegations that would render it facially plausible that Defendant's conduct was the product of willfulness or reckless disregard, rather than the product of mistake.").

Based on the foregoing, Credit Corp respectfully requests a pre-motion conference with respect to its motion to dismiss the Complaint.

Respectfully submitted,

/s/ Chenxi Jiao
          Chenxi Jiao

Cc:   Patrick J. Best, Esq.
      *Counsel for Plaintiff*, via ECF

3